UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNFARMS, LLC, and MITCH DMOHOWSKI,<br><br>                              Plaintiffs,<br><br>v.<br><br>EURUS ENERGY AMERICA CORPORATION, TOYOTA TSUSHO AMERICA, INC., and DOES 1 through 100,<br><br>                              Defendants. | Case No.: 18-cv-0058-L-AGS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER ON PARTIES' MOTIONS (ECF Nos. 83, 90, 102, 115, 120, AND 129) AND JUDGMENT IN A CIVIL CASE**<br><br>[ECF No. 154] |

On March 31, 2022, the Court issued an order (ECF No. 148) on Defendant Eurus Energy America Corporation's ("Eurus") motion for judgment on the pleadings, motion for summary judgment, and motion for leave to amend; Defendant Toyota Tsusho America, Inc.'s ("TTA") motion for summary judgment and motion to strike; and Plaintiffs Mitch Dmohowski and Sunfarms, LLC's ("Plaintiffs") motion for summary judgment.  The Court granted Defendants' motions for summary judgment and Eurus's motion for judgment on the pleadings, and denied Plaintiffs' motion for summary judgment.  (ECF No. 148.)  Accordingly, judgment was entered in favor of Defendants and the action was closed.  (ECF No. 149.)  Plaintiffs now seek reconsideration

1

specifically of the Court's holding that Plaintiffs are not entitled to a $500,000 termination payment.[1] (ECF Nos. 154, 155.)  Eurus opposed the motion (ECF No. 160), and Plaintiffs replied, (ECF No. 161).  TTA acknowledged through a statement to the Court that the outcome of the present motion will have no effect on the judgment entered in their favor.  (ECF No. 159.)  The Court decides the matter on the papers submitted without oral argument.  Civ. L.R. 7.1.  For the reasons set forth below, the Court denies the motion.

I.   BACKGROUND

Eurus develops and operates renewable energy projects.  In 2012, Plaintiffs entered into a consulting services agreement ("CSA") with Eurus related to projects in Hawaii: the Waianae Solar Project ("Waianae") and the Palehua Wind & Solar Project ("Palehua").  Under the CSA, Plaintiffs were entitled to 500,000 dollars if, prior to their termination, one of the projects they consulted on was "shortlisted" by the Hawaiian Electric Company ("HECO").  The term "shortlisted" was not defined by the CSA, and the parties disputed its meaning and the proper contract construction under California law.  (ECF No. 102-1, at 22–25; ECF No. 120-1, at 14–17.)

In its order, the Court held that the term "shortlist" was unambiguous.  (ECF No. 148, at 12.)  The Court then applied the dictionary definition of "shortlist" as quoted by Plaintiffs.  (*Id.* at 12; ECF No. 102-1, at 22.)  Viewing the record in the light most favorable to Plaintiff, the Court concluded that "the one-on-one negotiation (or other bilateral activities) between Eurus and HECO that occurred before the termination date do not reasonably fit within the term, 'shortlisted.'" (ECF No. 148, at 12.)  The Court

---

[1] Plaintiffs filed a motion for reconsideration (ECF No. 154) and subsequently filed a notice of errata two days later (ECF No. 155) which included the motion for reconsideration and related documents but corrected some omissions.  Eurus recognized the notice of errata as the operative motion and the Court follows suit by ruling on the motion for reconsideration (ECF No. 154) but referencing the notice of errata (ECF No. 155) as the Plaintiffs' present position.

thus denied Plaintiffs' motion for summary judgment and granted Eurus's motion as to that claim.  (*Id.* at 13.)

## II.     LEGAL STANDARD

Plaintiffs move for reconsideration pursuant to Civil Local Rule 7.1(i)(1) and Federal Rules of Civil Procedure 59(e) and 60(b)(6).[2]  (*See* ECF No. 155-2 at 1–2.)

A party may apply for reconsideration pursuant to Federal Rules of Civil Procedure 59 and 60 "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part."  Civ. L.R. 7.1(i)(1); *see also Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) ("A motion for reconsideration of summary judgment is appropriately brought under either Federal Rule 59(e) or Federal Rule 60(b).").

A district court may amend or alter its judgment under Rule 59 if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "Clear error or manifest injustice is established when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'"  *In re Midland Credit Mgmt., Inc. Tel. Consumer Prot. Litig.*, No. 11MD2286-MMA (MDD), 2019 WL 1676015, at *3 (S.D. Cal. Apr. 17, 2019) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).  Similarly, Rule 60(b)(6) allows relief from a final judgment or order for "any other reason that justifies relief."

Reconsideration is an "extraordinary remedy" that is to be used "sparingly."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  A motion for

---

[2] Plaintiffs generally cite Rule 60(b) but only identify the catchall provision under Rule 60(b)(6) as specific grounds for relief.  (See ECF No. 155-2, at 1–2.)  The Court thus declines to address any of the other permissible grounds for reconsideration outlined in Rule 60(b).

reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Therefore "[a] party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citation omitted); *see also Campion v. Old Republic Home Prot. Co.*, No. 09-CV-748-JMA NLS, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) ("A motion for reconsideration may not be used to get a second bite at the apple."). Whether to grant or deny a motion for reconsideration is within the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters. Inc.*, 229 F.3d at 883).

### III.   DISCUSSION

Plaintiffs do not raise any newly discovered evidence or intervening changes in the controlling law. Instead, Plaintiffs simply argue that "[t]he Court's holding is contrary to the evidence in the record" and reference evidence that was available for Plaintiffs' use in support of their motion for summary judgment. (*See* ECF No. 102-1, at 22–23; *see also* ECF No. 155-2, at 3–5.) Plaintiffs are merely attempting to relitigate the issue of whether Palehua was shortlisted.

For example, Plaintiffs argue that the Court's order was contrary to the case *Fitbit, Inc. v. AliphCom*, No. 15-CV-04073-EJD, 2017 WL 386257 (N.D. Cal. Jan. 27, 2017), which held that the definition of "list" includes a list of one, supporting Plaintiffs' contention that Palehua was shortlisted because the project appeared on a list of one. (ECF No. 155-2, at 7.) Plaintiffs claim that this departure "rises to clear error." (*Id.*) In addition to ignoring the fundamentals of stare decisis, *see Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011), this argument embodies an inappropriate basis for reconsideration as an attempt to get a "second bite at the apple."

Plaintiffs further argue that the Court did not apply correct California substantive law when the Court failed to resolve the ambiguous term "shortlist" against Eurus as the

drafter. (ECF No. 155-2, at 6–8.) This argument boils down to an assertion that the term "shortlist" is in fact ambiguous, which is a matter already considered and ruled upon by the Court. (*See* ECF No. 102-1, at 23–24; ECF No. 148 at 12.)

Here, Plaintiffs are rehashing arguments previously rejected by the Court. It follows that Plaintiffs have failed to provide a sufficient basis for reconsideration. *See Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) ("[A]fter thoughts or shifting of ground do not constitute an appropriate basis for reconsideration." (quotation omitted)); *ArchitectureArt LLC v. City of San Diego*, No. 15-CV-01592-BAS-NLS, 2017 WL 1346899, at *1 (S.D. Cal. Apr. 4, 2017) (denying reconsideration where the movant made "the same arguments it did in the Motion for Summary Judgment" and "essentially argue[d] the Court was wrong in its decision.").

Finally, Plaintiffs' conclusory allegations throughout their motion that the Court's findings were made in "clear error" and that an "unjust result" will occur are insufficient grounds for reconsideration. (ECF No. 155-2, at 7–9.) Plaintiffs have failed to demonstrate any "extraordinary" circumstances that would warrant relief. Consequently, the Court declines to reconsider its holding.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 12, 2022

Hon. M. James Lorenz
United States District Judge